# CARVER *v.* UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF ARKANSAS.

No. 721. Submitted November 20, 1895. — Decided January 13, 1896.

The plaintiff in error was indicted, tried, and convicted of murder by shooting. Among the evidence for the prosecution, admitted under objections and excepted to, were: (1) A declaration in writing by the murdered person, made after the shooting, and, as claimed, under a sense of impending death. This was offered in chief. (2) The statement of a witness, offered in rebuttal, that, on a later day and before her death the murdered person said that her former statement was true. *Held,*

(1) That it was satisfactorily established that the written statement of the victim was made under the impression of almost immediate dissolution, and that it was therefore properly admitted;

(2) That, as it did not appear whether at the time when the later statement was made she spoke under the admonition of her approaching end, or anticipated recovery, it was improperly admitted;

(3) That the evidence so offered in rebuttal was not legitimate rebutting testimony.

FRANK Carver was convicted of the murder of Anna Maledon in the Circuit Court of the United States for the Western

District of Arkansas, and sentenced to be hanged, whereupon he sued out this writ of error.

The fatal wound was inflicted, by the discharge of a pistol on the night of March 25, 1895, at Muscogee, Creek Nation, in the Indian country, but the death occurred at Fort Smith, Arkansas, May 19, 1895.

In addition to other evidence, there was testimony tending to show that Carver and the deceased were attached to each other; that he was very drunk on the night of the homicide, and that he was in the habit of carrying a pistol, which he was flourishing at that time. A declaration in writing in respect of the circumstances attendant upon the commission of the act, made by the deceased March 27, 1895, was admitted in evidence against objection as made under a sense of impending death.

The testimony of the clerk of the court, Wheeler, to the effect that the deceased, after she was brought to Fort Smith, which was April 14, 1895, said that her former statement was true, was admitted subject to an exception because no proper foundation was laid for its admission.

Exceptions were also taken to certain parts of the charge.

*Mr. William M. Cravens* for plaintiff in error.

*Mr. Assistant Attorney General Dickinson* for defendants in error.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

While in the admission of the declarations of the victim as to the facts of a homicide the utmost caution must be exercised to the end that it be satisfactorily established that they were made under the impression of almost immediate dissolution, we think that the evidence of the state of mind of Anna Maledon, in that particular, when the declaration of March 27, 1895, was made, and which we need not recapitulate, was sufficient to justify the Circuit Court in admitting

it. *Mattox* v. *United States*, 146 U. S. 140, 151. But the testimony of Wheeler stands on different ground and we are of opinion should not have been admitted.

In answer to leading questions, the witness said that he saw Anna Maledon after she was brought to Fort Smith; that he asked her whether the declaration of March 27, 1895, was true; and that she replied "it was, in every particular."

The deceased received the fatal wound March 25, and her statement of March 27, 1895, was admitted as a dying declaration. The interview with Wheeler was on or after April 14, 1895, and whether she then spoke under the admonition of her approaching end or anticipated recovery does not appear.

It has been held that a declaration is admissible if made while hope lingers, if it is afterwards ratified when hope is gone, *Reg.* v. *Steele*, 12 Cox C. C. 168, or if made when the person is without hope, though afterwards he regains confidence. *State* v. *Tilghman*, 11 Ired. Law, 513; *Swisher* v. *Commonwealth*, 26 Grattan, 963; 1 Greenl. Ev. (15th ed.) § 158, note *a*. But the repetition of a dying declaration cannot itself be admitted as a reiteration of the alleged facts if made when hope has been regained. Nor can we perceive that this is otherwise, because the record states that Wheeler was sworn "in rebuttal." Rebutting evidence is evidence in denial of some affirmative case or fact which defendant has attempted to prove. Our attention has been called to no attempt on behalf of defendant below to prove that Anna Maledon made on her deathbed, after her declaration of March 27, any retraction thereof, or any statement inconsistent with it, if evidence to that effect would have justified the introduction of this testimony as tending to rebut it.

It is true that counsel for plaintiff in error rested their objection on the ground that no foundation for the admission of the testimony was laid. But while the omission to challenge the evidence as not properly in rebuttal may have waived the mere order of proof, this did not concede that the want of foundation could be excused for any reason. The contention was that the foundation must be laid, and that covered suf-

ficiently every suggestion that the evidence was admissible without it. And as this was not legitimate rebutting testimony, it could not be admitted without the proper foundation although the order of proof was waived.

As we understand the record, a sharp controversy was raised over what deceased had said at the time of the homicide, and the evidence of Wheeler may have had so important a bearing that its admission must be regarded as prejudicial error.

Whether the homicide was committed under such circumstances as to reduce the grade of the crime. from murder to manslaughter, or as to permit an acquittal on the ground of misadventure, were questions raised in the case on behalf of plaintiff in error; and it is urged that the exception should be sustained to the statement in the charge that "if a man does not exercise the highest possible care that he can exercise under the circumstances, when handling firearms, his act passes out of that classification known as an accident." But we do not feel called upon to consider this question or any of the other errors assigned, as they may not arise on a new trial in the form in which they are now presented.

*Judgment reversed, and cause remanded with a direction to set aside the verdict and grant a new trial.*